1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  ERIN DEAN RIEMAN,

11                    Petitioner,

12       v.

13  MARGARET GILBERT,

14                    Respondent.

CASE NO. C16-5250 RBL-JRC

ORDER GRANTING PETITIONER'S REQUEST FOR COUNSEL AND APPOINTING THE FEDERAL PUBLIC DEFENDER'S OFFICE

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner filed the petition pursuant to 28 U.S.C. § 2254.  Dkt. 5.

Petitioner Erin Dean Rieman seeks § 2254 habeas relief from his conviction upon a plea of manslaughter in the first degree, with an aggravating factor.  Dkt. 13, Ex. 1. Petitioner alternatively requests that counsel be appointed and an evidentiary hearing be granted.  Dkt. 1-2 at 2.  The Court, in the interests of justice, grants petitioner's request for the appointment of counsel.

ORDER - 1

## STATE PROCEDURAL HISTORY

Petitioner entered an *Alford* plea to manslaughter in the first degree with an aggravating factor on May 11, 2010. Dkt. 13, Exhibit 3. The prosecutor noted that the plea negotiations had lasted several months leading up to entry of the plea, and both sides were accepting the plea because of the risks of going to trial. *Id*. at 4-5. The defense attorney agreed that Rieman was taking advantage of the plea bargain because a jury would likely convict him of the greater charge if Rieman went to trial. *Id.* at 10. The defense attorney summarized the strength of the prosecution's case against Rieman, and indicated that despite an extensive investigation, the defense could not invalidate the prosecution's evidence. *Id*. at 10-11.

During the plea hearing, the State explained that the "tremendous amount of circumstantial evidence' in the case was tied together by a statement from codefendant Walter Bremmer, who was on a fishing vessel with Adkins and Rieman when Adkins died. Dkt. 13, Exhibit 2 at 2. Bremmer apparently received immunity from prosecution in return for his statement. *Id*. Rieman's defense counsel acknowledged that Bremmer's statement about Adkins' death was central to Rieman's decision to plead guilty. *Id.* Counsel added that an extensive investigation had revealed blood and DNA (deoxyribonucleic acid) evidence attributable to Rieman and Adkins but not to Bremmer, and that other evidence from the murder scene corroborated Bremmer's statement. *Id.*

During the plea colloquy, Rieman indicated he had graduated high school and attended college. *Id.* at 19. Rieman said that he had read and reviewed all of the plea documents with his defense attorney, and that "I understand them completely." *Id*. at 20. Rieman said he had one question during the plea hearing about the documents, and his attorney answered the question for him prior to the colloquy. *Id*. at 20. Rieman said he was signing the plea documents of his own

free will. *Id*. at 21, 26, and 44.  Rieman repeatedly indicated to the judge that he had no questions about the plea, and added, "I've asked a lot of questions of my attorney. He's answered them all." *Id*. at 44.

Referring to the defendant's guilty plea statement, the judge specifically asked Rieman "Did anyone threaten you to make you sign?" *Id.* at 44-45. Rieman answered "No." *Id*. at 45. Rieman again reaffirmed that his entry of the plea was of his own free will. *Id*. at 45.

The judge found that Rieman "entered into this Plea Agreement knowingly, intelligently, and voluntarily. . . .". *Id.* at 48. The judge found as a fact that no one threatened or coerced Rieman into entering the *Alford* plea. *Id*. at 48. The judge found that Rieman's plea was voluntary. *Id*. at 49. The judge accepted Rieman's *Alford* plea, and found him guilty of manslaughter in the first degree. *Id*. at 49.

On May 21, 2010, the superior court sentenced petitioner to 132 months of confinement and 36 months of community custody.  *Id.* at Exhibit 1. Petitioner did not appeal from the judgment and sentence, and the judgment became final in 2010.

Petitioner's federal habeas claims are based upon information he brought to the attention of the prosecutor in his case, Mr. Burke, on October 22, 2012. In petitioner's letter to Mr. Burke he revealed the following facts for the first time:

> Please allow me to share with you my brief account of events, one that I've told no one until now:  On the evening of July 5, 2009, I awoke to John and Walter fighting in the wheelhouse of F/V Tiger.  By the time I got there John had been beaten and cut.  I tried to stop Walter and received cuts to the inside of my hand from the knife. (photo evidence of my hand).  In his testimony Walter admits to having a knife.  Walter pulled a gun on me and forced me to watch as he strangled John to death.  Not only did Walter threaten my life if I did not support his story and help him dispose of the John's body but he threatened the life of my girlfriend at the time, Rachel Sachs.  He also threatened the lives of my daughter Kahau and her two children Lion and Island.  They were all born in Hawaii and currently reside there.  I took Walter's threats very seriously as I'd witnessed a murder.  He also told me he's killed before.  I felt lucky to survive myself.  Now I know

> Rachel and especialy [sic] my daughter and grandchildren are safe I can speak of these events. … I am certain my fears in his ability to harm my family were well founded as evidenced by his recent arrest. I am hoping to hear from you regarding this matter. I have kept silent all this time to protect my family from a very real and dangerous threat. I did so knowing full well the consequences of my silence. Wouldn't any man protect his daughter, Mr. Burke? I believe and hope that you too see that justice is best served by helping HI Police and bringing Bremmer to face the counts and John's family and by amending my plea and sentence.

Dkt. 1-2 at 31. The prosecutor took no action.

Therefore, on September 30, 2013, petitioner filed a post-conviction motion to withdraw his *Alford* plea. Dkt. 13, Exhibit 2. The superior court heard argument on the matter on October 11, 2013. *Id*. at Exhibit 4. The state court denied the post-conviction motion as untimely and as failing to satisfy the threshold requirement for review of a post-conviction motion. *Id.*, Exhibit 5. Petitioner explains, in this federal habeas petition, that the facts underlying his motion to withdraw his "involuntary plea" were not developed at the hearing to withdraw his plea:

> When counsel filed a CrR 7.8 motion to withdraw guilty plea, I was not allowed to attend the motion hearing. Instead, I was represented by an appointed attorney who never spoke to me, nor did she attempt to provide the court with any information to support my claims. I had written to her numerous times, and tried to call her with no reply. (exhibit 3). Rather than hold a fact finding hearing to determine the validity of my claims, the Court based it's [sic] decision upon the prejudicial recommendation of the prosecuting attorney- and an ineffective defence [sic] attorney. I was therefore denied any meaningful opportunity to develop and present evidence in support of my claims.

Dkt. 5-2 at 4.

Petitioner sought reconsideration, and the superior court heard argument on November 15, 2013. *Id*., Exhibit 6. The superior court denied the motion for reconsideration. *Id*., Exhibit 7. Petitioner appealed to the Washington Court of Appeals from the superior court's orders denying his post-conviction motion and his motion for reconsideration. *Id*., Exhibit 8. The Washington

1  Court of Appeals converted the appeal into a personal restraint petition, and denied the petition
2  as untimely and without merit. *Id*., Exhibits 2, 10, 11, 12.

3  Petitioner then sought review by the Washington Supreme Court. *Id*., Exhibit 13. On
4  December 2, 2015, the Washington Supreme Court denied review. *Id*., Exhibit 14.  On December
5  23, 2015, the Washington Court of Appeals issued its mandate. *Id*., Exhibit 15.  Petitioner filed
6  his federal petition on April 25, 2016.  Dkt. 5.

7  Petitioner raises four grounds for relief:  (1) involuntary guilty plea; (2) actual innocence;
8  (3) denial of right to due process (evidentiary hearing); and (4) newly discovered evidence.  Dkt.
9  5.

10  **DISCUSSION**

11  Respondent argues that petitioner failed to properly exhaust his claims in a timely post-
12  conviction collateral challenge.  Dkt. 12 at 6.  Respondent further argues that petitioner's claims
13  are now procedurally barred under Washington law and the petition itself is untimely under the
14  federal statute of limitations, 28 U.S.C. § 2244(d).

15  Petitioner asserts that he is entitled to equitable tolling and requests that his writ of
16  habeas petition be granted, or in the alternative, that counsel be appointed and an evidentiary
17  hearing held.  Petitioner also raises actual innocence as a gateway for overcoming the
18  Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations and
19  excusing any procedural default.

20  There is no right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless an
21  evidentiary hearing is required or such appointment is "necessary for the effective utilization of
22  discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v.*
23  *Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129,
24

1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Here, an evidentiary hearing may be required to determine the validity of petitioner's claim. While he has been able to articulate his claims, the complexity of some of the legal issues militates in favor of appointment of counsel. Therefore, the interests of justice require that counsel be appointed.

Further, the Federal Public Defender's office will be assigned to represent petitioner without charge. The relevant statute, 18 U.S.C. §3006A(c), reads:  "If at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate."  Additionally, counsel must be appointed if a court orders an evidentiary hearing.  *See* Rule 8(c), Rules Governing Section §2254 Cases.  Having reviewed the petition and the request for counsel, the answer, and petitioner's Prison Trust Account Statement filed on April 6, 2016 (Dkt. 2), the Court appoints the Federal Public Defender's office to represent petitioner in this action.

Once counsel has had an opportunity to review the case, the Court will entertain a motion to supplement the briefing and give respondent an opportunity to reply. Any such motion should

1 | be filed by October 7, 2016. The Clerk's office is directed to note this matter for that date,
2 | October 7, 2016.
3 |
4 |     Dated this 6th day of September, 2016.

                                     J. Richard Creatura
                                     United States Magistrate Judge