UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIN DEAN RIEMAN,

          Petitioner,

v.

MARGARET GILBERT,

          Respondent.

CASE NO. 3:16-cv-05250-RBL-JRC

ORDER DENYING MOTION FOR AFFIDAVITS AND GRANTING MOTION TO EXPAND RECORD

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Erin Dean Rieman filed the petition pursuant to 28 U.S.C. § 2254.

    Petitioner asks that the Court allow the parties to provide evidence by affidavit rather than live testimony at an upcoming evidentiary hearing, and to expand the record with six additional documents. The purpose of the evidentiary hearing is, in part, to determine the credibility of witnesses. This can best be done through live testimony. Nevertheless, to the

extent that the parties agree that certain witnesses' testimony can be presented through affidavit, the Court will consider those affidavits. Also, because petitioner developed the factual basis for his claims by requesting, and being denied, an evidentiary hearing in state court, and because § 2254(e)(2) does not bar him from presenting this additional evidence, petitioner's motion to expand the record is granted.

## BACKGROUND

Petitioner originally filed this habeas petition in April of 2016. Dkt. 1. After counsel was appointed and the factual record developed, the Court determined that it could not rule on petitioner's habeas petition based only on the available documentary evidence, and so ordered an evidentiary hearing. Dkt. 50. Respondent filed an objection and appeal to the Court's decision to hold the evidentiary hearing (Dkt. 51), and petitioner filed his motion for affidavits and motion to expand the record thereafter (Dkts. 52, 53). Following a telephone conference, the Court entered a minute order striking the noting dates of the pending motions until the Honorable Ronald B. Leighton ruled on respondent's objections and appeal. Dkt. 63. Judge Leighton has now entered an order denying respondent's objections and appeal. Dkt. 64. The Court entered an order rescheduling the evidentiary hearing to April 5, 2018 (Dkt. 66), and petitioner's motion for affidavits and motion to expand the record are both now ripe for consideration.

## DISCUSSION

**I.  Motion to Allow Affidavits**

*a. Form of Evidence*

Petitioner requests that the Court allow the parties to submit affidavits in lieu of live testimony for several witnesses. Dkt. 52. The Court may receive evidence by oral testimony, deposition, or, on its discretion, affidavit. 28 U.S.C. § 2246. However, when the Court is

ORDER DENYING MOTION FOR AFFIDAVITS AND
GRANTING MOTION TO EXPAND RECORD - 2

required to make credibility determinations, it should not rely solely on documentary testimony and evidence on the record unless the Court is able to "conclusively" decide the credibility question with that evidence. *Earp v. Ornoski*, 431 F.3d 1158, 1169-70 (9th Cir. 2005) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)).

Respondent objects to the use of affidavits, arguing, among other things, that doing so would deprive respondent of the ability to effectively cross examine the witnesses in question. Here, the Court ordered an evidentiary hearing in part to better make credibility determinations. Therefore, allowing testimony through affidavits would undercut the Court's ability to make those credibility determinations. *Earp*, 431 F.3d at 1169-70. Therefore, the Court denies petitioner's motion to allow testimony by affidavit as to the affidavits of Frank Sullivan and Eric L. Kiesel.

However, the Court notes that respondent does not object to witnesses Cynthia Villella, Lee Ann Olson, Debbie Lopez-Stitt, and Patty Carrar providing written, rather than oral, testimony in order to prevent additional trauma. The Court will accept these affidavits and any other affidavits both parties agree are appropriate, giving these affidavits their due weight.

   *b. Admissibility of Evidence*

Respondent also objects to the affidavits based on relevance. The Court will rule on relevancy objections as part of the evidentiary hearing, but it should be noted that the sole issue before the court is whether or not petitioner's guilty plea was entered into knowingly, intelligently and voluntarily. The Court is finding it difficult to see the relevance of testimony from witnesses who were allegedly assaulted before petitioner's guilty plea, and who petitioner was unaware of at the time of entering his guilty plea. Such testimony would not have influenced his decision to plead guilty. Similarly, the murder in Hawaii happened well after petitioner

entered his plea, meaning that it also could not have had an influence on petitioner's guilty plea. Most of the testimony that is the subject of this motion seems to go one issue – to prove that non-party Bremmer has committed violent acts in the past, thus showing he likely committed the murder in this case. That issue is not presently before the Court, but was the subject of this court's previous ruling. See Dkt. 50. This Court previously determined that petitioner had met the burden of proof on the issue of his "actual innocence" and was, therefore, excused from AEDPA's statute of limitations. *Id.* at 5-13. The Court noted at that time:

> Taking all of the evidence into account, including evidence available at the time of petitioner's conviction and now, and with the benefit of the subsequent investigation and events, the Court finds it more likely than not that if this matter were to proceed to trial today, no reasonable juror would have found petitioner guilty beyond a reasonable doubt.
>
> Therefore, petitioner is not procedurally barred from bringing the challenge to his *Alford* plea and the Court may move to its merits.

*Id.* at 13.

The issue of "actual innocence" has been resolved for purposes of ruling on the statute of limitations questions and need not be revisited at the evidentiary hearing. The parties should consider that when deciding what to present at that hearing.

**II. Motion to Expand the Record**

Petitioner also moves to expand the record, attaching several documents submitted to the superior court, as well as an affidavit affirming the truthfulness of his habeas petition and an affidavit explaining the time stamps on videos submitted by petitioner. Respondent does not object to the superior court documents submitted by petitioner and the Court grants petitioner's motion as to those documents. However, respondent objects to expanding the record to include the additional two documents.

For the most part, the Antiterrorism and Effective Death Penalty Act ("AEDPA") bars petitioner from presenting new evidence if that evidence was not presented to the state court. 28 U.S.C. § 2254(e)(2). However, "[a] petitioner who has previously sought and been denied an evidentiary hearing [in state court] has not failed to develop the factual basis of his claim. *Hurles v. Ryan*, 752 F.3d 768, 791 (9th Cir. 2014) (citing *Stanley v. Schriro*, 598 F.3d 612, 624 (9th Cir. 2010)); *see also Espinoza v. Spearman*, 661 F. App'x 910, 914 (9th Cir. 2016).

Here, 28 U.S.C. § 2254(e)(2) is not applicable. It is true that the Washington state courts denied petitioner's personal restraint petition based on procedural grounds and that petitioner did not present the evidence on which he now relies to the state courts. *See* Dkt. 13, Ex. 2 at 5; Ex. 12; Ex.14. However, petitioner did move the superior court for an evidentiary hearing, which was denied, and subsequently requested that the Court of Appeals remand his case for an evidentiary hearing. *Id.*, Ex. 4 at 2; Ex. 10 at 2, 4; Dkt. 11 at 3. Because petitioner has already asked the state court for an evidentiary hearing, he has properly developed the factual basis for his claim in state court and § 2254(e)(2) does not bar him from presenting additional evidence here. Therefore, petitioner's motion to expand the record is granted.

## CONCLUSION

For the reasons stated above, petitioner's motion to allow affidavits at the evidentiary hearing (Dkt. 52) is denied except as to those affidavits both parties agree to admit. In addition, petitioner's motion to expand the record (Dkt. 53) is granted.

Dated this 8th day of March, 2018

J. Richard Creatura
United States Magistrate Judge